UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Elbert Madison Jr., ) | |
| ) | |
| Plaintiff, ) | Case: 1:16-cv-01453 |
| ) | Assigned To : Unassigned |
| v. ) | Assign. Date : 7/14/2016 |
| ) | Description: Pro Se Gen. Civil (F Deck) |
| ) | |
| CACH, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, has submitted a complaint and an application to proceed *in forma pauperis*. The Court will grant the application and will dismiss this case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the Court determines that it lacks subject matter jurisdiction).

Plaintiff claims that he "is being subjected to a judgment issued by the courts of Montgomery County, Maryland on purchased consumer credit card debt" owed lead defendant CACH, LLC, by assignment from Bank of America. Compl. at 2. Plaintiff also sues the circuit and district courts of Montgomery County. He claims that the creditor "illegally" sued him in a court system that is more favorable to collection agencies; therefore, he faults "the collection agency and the courts as a professional body" for failing to "follow the professional standards of due care in vetting for the residency of the plaintiff and the place where the debt was incurred by the plaintiff." *Id*. at 2-3. But questions surrounding the proper forum for a lawsuit are the province of the presiding judge, and the federal district courts generally have no power to review such decisions. *See United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (district courts

1

"generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)).

More importantly, a "district court lacks subject matter jurisdiction [over a] complaint [that] 'is patently insubstantial, presenting no federal question suitable for decision.'" *Caldwell v. Kagan*, 777 F. Supp. 2d 177, 178 (D.D.C. 2011) (quoting *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009)). And "federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'" *Hagans v. Lavine*, 415 U.S. 528, 536-7 (1974) (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)). The instant complaint satisfies the foregoing standard and thus will be dismissed with prejudice. A separate Order accompanies this Memorandum Opinion.

DATE: July 12th, 2016

United States District Judge